Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



GARY DON FULFER,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00191-CR

Appeal from the

106th District Court

of Gaines County, Texas

(TC# 02-3263)




O P I N I O N

           This is an appeal from a jury conviction for the offense of possession of certain
chemicals, to-wit, pseudoephedrine, with intent to manufacture a controlled substance--
enhanced by the allegation of a prior felony conviction. The court assessed punishment at
eighty-five years’ imprisonment in the Institutional Division of the Texas Department of
Criminal Justice and a $10,000 fine. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           Patrick Kissick, a patrolman with the Seminole Police Department, testified that in the
early morning hours of September 15, 2002, he was patrolling in the 300 block of Southwest
8th Street in Seminole, Texas when he passed a blue car that had an expired license plate. 
The vehicle pulled out and the driver failed to signal a turn. Officer Kissick stopped the
vehicle driven by Appellant. Appellant appeared to be extremely nervous and evasive. The
officer asked permission to search Appellant’s vehicle and he denied permission to search. 
Officer Kissick was then notified that Appellant had an outstanding warrant. Appellant was
arrested and the officer, pursuant to police department policy, began inventorying the vehicle
prior to the arrival of a wrecker.
           Inside the trunk of the vehicle, Officer Kissick found a Brahma boot box which
contained numerous packages of cold and sinus medication. In all, there were about 1,000
tablets and capsules which contained the ingredients ephedrine or pseudoephedrine. The
officer also found Heet gas line antifreeze, propane camping fuel, windshield washer fluid,
and black filter fiber.
           The combined testimony of Elma Espinoza, a jailer with the Gaines County Sheriff’s
Office, and Robert Alvarado, a deputy sheriff, indicated that the boots taken from
Appellant’s person at the time of his arrest, matched the brand and size of boot indicated on
the boot box found in the trunk of Appellant’s vehicle.
           Gregory Stevens, a sergeant with the Lubbock, Texas Police Department, testified that
he was a member of the South Plains Regional Narcotics Task Force and was the undercover
supervisor. He had attended two schools at the Texas Department of Public Safety regarding
the manufacture of methamphetamine. Sergeant Stevens testified that he had arrested many
individuals for the sale or manufacture of methamphetamine.
           The witness testified that based on his training and experience, the pseudoephedrine
and the ephedrine tablets found in Appellant’s trunk and the bottle of Heet automotive
product were associated with the manufacture of methamphetamine. Stevens stated that it
is unusual for an individual to possess thirty-three boxes of cold medication. He stated that
the Heet automotive product is used to extract the ephedrine or pseudoephedrine from the
cold tablets. He stated that the camping stove propane is often used to heat the solution when
electricity is not available. The Heet automotive product is legitimately used to prevent
automotive fuel lines from freezing in cold climates; although, it can also be used to remove
water from fuel lines. Stevens stated that there was little use for the product in the West
Texas climate.
           Dennis Hambrick, a chemist for the Texas Department of Public Safety, testified that
he was familiar with the composition and the manufacturing process for methamphetamine. 
Hambrick stated that there were basically two processes to make methamphetamine: the
Nazi and the red phosphorous iodine methods. Both involve the use of either ephedrine or
pseudoephedrine. The bottle of Heet automotive product could also be used in the
manufacture of methamphetamine. He testified that pseudoephedrine and ephedrine are
immediate chemical intermediaries used in the process of manufacturing methamphetamine
and that the pills in Appellant’s possession were an immediate precursor to the
manufacturing of methamphetamine. He stated that 1,000 pills would be an average amount
involved in the illicit manufacture of methamphetamine.
           The State also presented evidence of two extraneous bad acts committed by Appellant. 
Officer Guadalupe Bretado testified that on September 26, 2001, he encountered Appellant. 
He was assisted by Officer Steve McNeal. As a result of that encounter, they observed track
marks on Appellant’s arms and there was fluid oozing out of the track marks. Appellant
admitted to having used methamphetamine. He stated that he was addicted to the drug. A
urine test was positive for methamphetamine and pseudoephedrine.
           Jim Hardy testified that he was a sergeant in the Hobbs, New Mexico Police
Department. In March of 2000, he and others were staking out a motel room where
Appellant was purportedly bringing a quantity of methamphetamine. When Appellant
arrived, methamphetamine and cash were found in a leather pouch found on his person. A
set of scales were also found in the vehicle that Appellant arrived in.
II. DISCUSSION
           In Issue No. Three, Appellant maintains that the evidence is legally insufficient to
sustain a conviction under Section 481.124 of the Texas Health and Safety Code.


 In
reviewing the legal sufficiency of the evidence, we are constrained to view the evidence in
the light most favorable to the judgment to determine whether any rational trier of fact could
find the essential elements of the offense, as alleged in the application paragraph of the
charge to the jury, beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d 234, 239 (Tex.Crim.App. 1989);
Humason v. State, 728 S.W.2d 363, 366 (Tex.Crim.App. 1987). More particularly,
sufficiency of the evidence should be measured by the elements of the offense as defined by
the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 239-40
(Tex.Crim.App. 1997).
           Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex.Crim.App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex.App.--El
Paso 1992, pet. ref’d). We do not resolve any conflict in fact, weigh any evidence or
evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury
trial are given great deference. Menchaca v. State ,901 S.W.2d 640, 650-52 (Tex.App.--El
Paso 1995, pet. ref’d); Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex.App.--El Paso 1992, pet. ref’d); Bennett v. State, 831 S.W.2d 20, 22
(Tex.App.--El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit
and implicit findings of the trier of fact are rational by viewing all the evidence admitted at
trial in the light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing,
we resolve any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d
at 843, quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). The trier of
fact, not the appellate court, is free to accept or reject all or any portion of any witness’s
testimony. Belton v. State, 900 S.W.2d 886, 897 (Tex.App.--El Paso 1995, pet. ref’d).
           The application paragraph of the charge to the jury provided:
Bearing in mind the foregoing instructions, if you believe from the
evidence beyond a reasonable doubt, that the Defendant, Gary Don Fulfer, on
or about the 15th day of September, 2002, in the County of Gaines and State of
Texas did then and there, with intent to unlawfully manufacture a controlled
substance, to-wit, methamphetamine, possess and transport an immediate
precursor, to-wit, more than 300 tablets and capsules of a product containing
pseudoephedrine, a substance that is an immediate chemical intermediary used
and likely to be used in the manufacture of a controlled substance, as alleged
in the indictment, then you will find the defendant guilty as charged in the
indictment.

           Appellant’s sole contention with regard to the sufficiency of the evidence is that the
State failed to meet the statutory requirements regarding the presumption contained in
Section 481.124(b) of the Health and Safety Code. However, Appellant cites no authority,
and we know of none, stating that the presumption is the sole method of proving that
Appellant possessed or transported with intent to manufacture an immediate precursor of a
controlled substance. See Tex. Health & Safety Code Ann. § 481.124(a) (Vernon Supp.
2004-05). Instead of utilizing the presumption, the State attempted to prove the offense
through the expert testimony of Stevens, Hambrick, and the introduction of two extraneous
bad acts. The experts demonstrated the drugs in Appellant’s possession were immediate
precursors of methamphetamine and were used in the manufacturing process. The Heet
automotive product was also used in the manufacturing process The extraneous bad acts
demonstrated that Appellant was addicted to methamphetamine and had possessed it in the
past--further demonstrating his intent to manufacture methamphetamine. We find that the
evidence is legally sufficient to support the conviction. Issue No. Three is overruled.
           In Issue No. One, Appellant asserts that the court erred by allowing during the guilt-innocence stage of trial, extraneous offense evidence of track marks, admission of drug use,
and a positive test of drug use. Prior to the admission of this evidence, Appellant objected
to its admission under Rules of Evidence 404(b) and 403. The trial court admitted the
evidence of the Midland incident but excluded the underlying reason for the initial stop. In
its charge to the jury, the court gave a limiting instruction regarding the extraneous offense
evidence.
           An appellate court must review a trial court’s admissibility decision under an abuse
of discretion standard. Powell v. State, 63 S.W.3d 435, 438 (Tex.Crim.App. 2001). As long
as the trial court’s ruling was within the “zone of reasonable disagreement,” there is no abuse
of discretion and the trial court’s ruling will be upheld. Santellan v. State, 939 S.W.2d 155,
169 (Tex.Crim.App. 1997).
           The general rule is that evidence of extraneous offenses is inadmissible to show
character conformity. Tex. R. Evid. 404(b) states:
Evidence of other crimes, wrongs or acts is not admissible to prove the
character of a person in order to show action in conformity therewith. It may,
however, be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident, provided that upon timely request by the accused in a
criminal case, reasonable notice is given in advance of trial of intent to
introduce in the State’s case-in-chief such evidence other than that arising in
the same transaction.

Tex. R. Evid. 403 states:
Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence.
           Together Rules 404(b) and 403 provide that evidence of extraneous offenses (or “bad
acts”) is admissible only if (1) it is relevant apart from its tendency to show character
conformity, and (2) it is probative of some “elemental fact or an evidentiary fact of
consequence to determination of the action.” Vernon v. State, 841 S.W.2d 407, 411
(Tex.Crim.App. 1992).
           Intent is a required element to prove the offense charged in this instance. See Tex.
Heath & Safety Code Ann. § 481.124(a). “[W]here intent or guilty knowledge is an
essential element of the offense which the State must prove to obtain a conviction, its
materiality goes without saying.” Morgan v. State, 692 S.W.2d 877, 880 (Tex.Crim.App.
1985). Evidence of extraneous acts is admissible “[t]o prove scienter, where intent or guilty
knowledge is an essential element of the State’s case and cannot be inferred from the act
itself.” Morgan, 692 S.W.2d at 880, quoting Albrecht v. State, 486 S.W.2d 97, 101
(Tex.Crim.App. 1972). The Court of Criminal Appeals stated in Montgomery v. State, 810
S.W.2d 372, 387 (Tex.Crim.App. 1990):
[A] party may introduce . . . evidence where it logically serves ‘to make . . .
more probable or less probable’ an elemental fact; where it serves ‘to make .
. . more probable or less probable’ an evidentiary fact that inferentially leads
to an elemental fact; or where it serves ‘to make . . . more probable or less
probable’ defensive evidence that undermines an elemental fact.

           In Appellant’s case, there was no direct evidence of his intent, and intent could not 
necessarily be inferred from the act itself. The evidence of the extraneous act in Midland has
relevance to a fact of consequence in the case and is probative of the elemental fact of
intent--namely that Appellant intended to manufacture methamphetamine. We, therefore,
conclude the evidence is relevant under Tex. R. Evid. 401 to a fact of consequence in the
case other than character conformity and is admissible under Rule 404(b) to show intent,
plan, and absence of mistake. See Payton v. State, 830 S.W.2d 722, 729 (Tex.App.--Houston
[14th Dist.] 1992, no pet.). The evidence of extraneous offenses was admissible under Rule
404(b).
            Even though relevant, the extraneous offenses may still be excluded under Rule 403. 
In reviewing the trial court’s Rule 403 balancing-test determination, a reviewing court is to
reverse the trial court’s judgment “rarely and only after a clear abuse of discretion.” Mozon
v. State, 991 S.W.2d 841, 847 (Tex.Crim.App. 1999), quoting Montgomery, 810 S.W.2d at
389. The relevant criteria in determining whether the prejudice of an extraneous offense
outweighs its probative value include: (1) how compellingly the extraneous offense evidence
serves to make a fact of consequence more or less probable--a factor which is related to the
strength of the evidence presented by the proponent to show the defendant in fact committed
the extraneous offense; (2) the potential the other offense evidence has to impress the jury
“in some irrational but nevertheless indelible way”; (3) the time the proponent will need to
develop the evidence, during which the jury will be distracted from consideration of the
indicted offense; and (4) the force of the proponent’s need for this evidence to prove a fact
of consequence, i.e., does the proponent have other probative evidence available to him to
help establish this fact, and is this fact related to an issue in dispute. Santellan, 939 S.W.2d
at 169, citing Montgomery, 810 S.W.2d at 389-90.
           In this instance, clearly the evidence had inherent probative value. The fact of
methamphetamine use and addiction is highly probative regarding commission of the charged
offense. Regarding the second factor, the fact of drug use does not appear in and of itself to
impress in an irrational or indelible way. Appellant asserts the bad acts are too remote in
time to the charged offense, but we note that there is no per se rule as to when an extraneous
offense is too remote in time to be introduced into evidence. Corley v. State, 987 S.W.2d
615, 620 (Tex.App.--Austin 1999, no pet.). The presentation of the bad act evidence did not
take an inordinate amount of time and the State had great need for the evidence to
demonstrate Appellant’s intent to manufacture methamphetamine given the unavailability
of the statutory presumption. We find that the court did not abuse its discretion in admitting
the evidence. Issue No. One is overruled.
           In Issue No. Two, Appellant contends that the court erred in admitting during the
guilt-innocence stage of trial, an extraneous drug offense where the drug had been
suppressed in New Mexico. Initially, we must address the State’s contention that Appellant
had failed to preserve error on appeal.
           To preserve a complaint for our review, a party must have presented to the trial court
a timely request, objection, or motion that states the specific grounds for the desired ruling
if they are not apparent from the context of the request, objection, or motion. Tex. R. App.
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.Crim.App. 1998) (op. on reh’g),
cert. denied, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court
must have ruled on the request, objection, or motion, expressly or implicitly, or refused to
rule, and the complaining party objected to the refusal. Tex. R. App. P. 33.1(a)(2); see also
Taylor v. State, 939 S.W.2d 148, 155 (Tex.Crim.App. 1996). An objection preserves only
the specific ground cited. Tex. R. App. P. 33.1(a)(1)(A); Mosley, 983 S.W.2d at 265.
           A hearing was held outside the presence of the jury to determine the admissibility of
the Hobbs, New Mexico extraneous offense. Sergeant Hardy testified concerning the March
2000 arrest and he stated during cross-examination that the evidence had been lost during the
suppression hearing and that all the evidence had been suppressed. Appellant then argued
that the State had a duty to inform him of that fact. Appellant made no formal objection to
the evidence and the court ruled that it would be admissible for the limited purpose of
showing knowledge. Counsel for Appellant then stated:
And, Judge, I guess just for purposes of the record, we will object under
Cal versus Freight. The second objection is that, as the defense states, or the
position stated for the record, is that even if the evidence comes in under
extraneous, the Defendant still has all constitutional rights, therefore, the
evidence was suppressed and the evidence should not come in in this case
merely just because it’s an extraneous offense and now--now there’s an
exception under the rule of evidence. The evidence was suppressed by a court,
and we also object and we need all objections that the defense attorney used
in this proceeding and we’re not unaware of it, and we also incorporate those
objections as to the evidence entering at this time under the guilt/innocence 
phase. 
 
           On appeal, Appellant, citing Atkinson v. State, 923 S.W.2d 21, 23 (Tex.Crim.App. 
1996), contends that the evidence should have been excluded. Atkinson holds that evidence
obtained in violation of the law must be excluded from jury consideration in criminal cases
on request of the defendant under Article 38.23 of the Texas Code of Criminal Procedure. 
Atkinson, 923 S.W.2d at 23. We find that this vague and multifarious objection failed to
preserve error. See Burks v. State, 876 S.W.2d 877, 902-03 (Tex.Crim.App. 1994).
           However, even if the objection preserved error, Appellant did not pursue his objection
until he obtained an adverse ruling. After the aforementioned objection was made, the court
stated, “Okay. You may go back out until you’re called back in,” and “All right.” Such
general statements do not constitute an adverse ruling. See Flores v. State, 871 S.W.2d 714,
720 (Tex.Crim.App. 1993); Murillo v. State, 839 S.W.2d 485, 493 (Tex.App.--El Paso 1992,
no pet.). According, we overrule Issue No. Two.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
March 31, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)